■ MARINE MIDLAND BANK — NEW YORK, Respondent-Appellant, v BARRY DRAYER, Appellant-Respondent, et al., Defendant. BARRY DRAYER et al., Third-Party Plaintiffs, v JAMES E. CORR, III, et al., Third-Party Defendants. — Order, Supreme Court, New York County (Cahn, J.), entered June 9, 1981, granting plaintiff's cross motion for summary judgment as to defendant Barry Drayer and denying such summary judgment as to defendant Robin Drayer, and denying defendants' motion for summary judgment, is modified, on the law, to the extent that so much of said order as denies plaintiff's motion for a further reference to hear and report on the question of further reasonable attorney's fees due to plaintiff's counsel, is reversed and said motion for a further reference is granted; and the claim for such further attorney's fees as well as the claim against Robin Drayer is severed from the claim on which judgment was directed in favor of plaintiff; and the order is otherwise affirmed, without costs. Judgment, Supreme Court, New York County (Cahn, J.), entered June 11, 1981, in favor of plaintiff against defendant Barry Drayer, in the total amount of $126,274.94, is unanimously affirmed, without costs. The provision

of the promissory note dated April 2, 1973, for attorney's fees includes not only attorney's fees arising from or incidental to the sale of the specific collateral but also those "arising from or incidental to the collection of any of the undersigned's liabilities to the Bank, including this note", i.e., it is not limited to the note. However, the judgment which has been rendered is for an amount which the bank is clearly entitled to, whether or not it is entitled to more by way of attorney's fees. Accordingly, the judgment may be deemed a partial judgment and should be affirmed as such. Concur — Birns, J. P., Sullivan, Carro and Silverman, JJ.

Ross, J., dissents in part in a memorandum as follows: I am of the opinion that a reference on the question of further reasonable attorney's fees is unwarranted. The determination by the referee and, ultimately, by the court below, that $12,000 in attorney's fees plus costs is reasonable, should be left undisturbed. The amount as rendered is sufficient to reimburse the plaintiff for all reasonable and necessary legal fees.